**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JARROD NASIN, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HONGLI CLEAN ENERGY TECHNOLOGIES CORP., JIANHUA LV, and SONG LV,<br><br>    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jarrod Nasin ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Hongli Clean Energy Technologies Corp. ("Hongli" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial

evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of Hongli from October 13, 2015 through April 7, 2017, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4.      Venue is proper in this judicial district pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as a significant portion of Defendants' actions, and subsequent damages, took place within this judicial district.

5.      In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.     Plaintiff, as set forth in the accompanying Certification, purchased the Company's securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

7.     Defendant Hongli is a vertically-integrated coal and coke producer based in Henan Province, People's Republic of China. The Company is incorporated in Florida and its principal executive offices are located at Kuanggong Road and Tiyu Road, 10/F, Xinhua District, Pingdingshan, Henan Province, China. The Company's securities were traded on the Nasdaq Stock Market ("NASDAQ") under the ticker symbol "CETC."

8.     Defendant Jianhua Lv ("J. Lv") has been the Company's Chief Executive Officer ("CEO") throughout the Class Period.

9.     Defendant Song Lv ("S. Lv") was the Company's Chief Financial Officer ("CFO") since April 2014 until his resignation on August 3, 2016.

10.     Defendants J. Lv and S. Lv are sometimes referred to herein as the "Individual Defendants."

11.     Each of the Individual Defendants:

(a)     directly participated in the management of the Company;

(b)     was directly involved in the day-to-day operations of the Company at the highest levels;

(c)     was privy to confidential proprietary information concerning the Company and its business and operations;

(d)     was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

3

(e)     was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)     approved or ratified these statements in violation of the federal securities laws.

12.     The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

14.     The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

15.     On October 13, 2015, the Company filed a Form 10-K for the fiscal year ended June 30, 2015 with the SEC (the "2014 10-K"), which provided the Company's year-end financial results and position. The 2014 10-K was signed by Defendants J. Lv and S. Lv. The 2014 10-K also contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants J. Lv and S. Lv attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

16.     The 2014 10-K included the following consolidated balance sheets:

4

HONGLI CLEAN ENERGY TECHNOLOGIES CORP. AND SUBSIDIARIES

CONSOLIDATED BALANCE SHEETS

| | June 30, | |
| --- | --- | --- |
| | 2015 | 2014 |
| **ASSETS** | | |
| **CURRENT ASSETS** | | |
| Cash | $ 81,605 | $ 191,992 |
| Accounts receivable, net | 13,970,451 | 8,946,435 |
| Other receivables and deposits | 4,928,967 | 5,787,232 |
| Loans receivable | - | 8,032,037 |
| Inventories | 3,191,605 | 7,419,821 |
| Advances to suppliers | 8,216,127 | 8,700,022 |
| Prepaid expenses | 16,670 | - |
| Total current assets | 30,405,425 | 39,077,539 |
| | | |
| PLANT AND EQUIPMENT, net | 18,750,242 | 14,426,319 |
| | | |
| CONSTRUCTION IN PROGRESS | 65,420,768 | 40,389,961 |
| | | |
| **OTHER ASSETS** | | |
| Security deposit | - | 4,873,928 |
| Prepayments | 19,674,034 | 61,815,632 |
| Intangible assets, net | 56,355,185 | 32,305,697 |
| Long-term investments | 2,920,247 | 2,898,233 |
| Other assets | 114,589 | 113,725 |
| Total other assets | 79,064,055 | 102,007,215 |
| | | |
| Total assets | $ 193,640,490 | $ 195,901,034 |
| **LIABILITIES AND EQUITY** | | |
| **CURRENT LIABILITIES** | | |
| Current maturity of long-term loans | $ 44,471,220 | $ 20,795,425 |
| Accounts payable, trade | 70,164 | 2,978,326 |
| Other payables and accrued liabilities | 4,503,689 | 2,460,113 |
| Other payables - related party | 736,596 | 526,699 |
| Acquisition payable | 4,747,250 | 4,711,463 |
| Customer deposits | 80,306 | 79,701 |
| Taxes payable | 907,472 | 765,421 |
| Current portion of warrants liability | 289,481 | - |
| Total current liabilities | 55,806,178 | 32,317,148 |
| | | |
| **LONG-TERM LIABILITIES** | | |
| Long-term loans | - | 29,243,566 |
| Warrants liability | 2,626,168 | 16 |
| Total long-term liabilities | 2,626,168 | 29,243,582 |
| | | |
| Total liabilities | 58,432,346 | 61,560,730 |
| | | |
| COMMITMENTS AND CONTINGENCIES | | |
| | | |
| **EQUITY** | | |
| Common stock, $0.001 par value, 100,000,000 shares authorized, 23,960,217 shares and 21,121,372 shares issued and outstanding as of June 30, 2015 and 2014, respectively | 23,960 | 21,121 |
| Additional paid-in capital | 6,846,397 | 3,592,053 |
| Statutory reserves | 3,689,941 | 3,689,941 |
| Retained earnings | 108,831,633 | 112,295,407 |
| Accumulated other comprehensive income | 11,484,613 | 10,410,182 |
| Total SinoCoking Coal and Coke Chemicals Industries, Inc's equity | 130,876,544 | 130,008,704 |
| | | |
| NONCONTROLLING INTERESTS | 4,331,600 | 4,331,600 |
| | | |
| Total equity | 135,208,144 | 134,340,304 |
| | | |
| Total liabilities and equity | $ 193,640,490 | $ 195,901,034 |

17.    On November 13, 2015, the Company filed a Form 10-Q for the quarter ended

September 30, 2015 with the SEC (the "2015 Q1 10-Q"), which provided the Company's year-

end financial results and position. The 2015 Q1 10-Q was signed by Defendants J. Lv and S. Lv. The 2015 Q1 10-Q also contained signed SOX certifications by Defendants J. Lv and S. Lv attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

18.     The 2015 Q1 10-Q included the following consolidated balance sheets:

HONGLI CLEAN ENERGY TECHNOLOGIES CORP. AND SUBSIDIARIES

CONSOLIDATED BALANCE SHEETS

| | September 30, 2015 | June 30, 2015 |
|---|---|---|
| | (Unaudited) | |
| **ASSETS** | | |
| **CURRENT ASSETS** | | |
| Cash | $ 139,233 | $ 81,605 |
| Accounts receivable, net | 15,953,238 | 13,970,451 |
| Other receivables and deposits | 8,473 | 4,928,967 |
| Inventories | 5,947,825 | 3,191,605 |
| Advances to suppliers | 4,088,692 | 8,216,127 |
| Prepaid expenses | - | 16,670 |
| Total current assets | 26,137,461 | 30,405,425 |
| | | |
| PLANT AND EQUIPMENT, net | 24,025,967 | 18,750,242 |
| | | |
| CONSTRUCTION IN PROGRESS | 56,597,357 | 65,420,768 |
| | | |
| **OTHER ASSETS** | | |
| Security deposit | - | - |
| Prepayments | 18,915,410 | 19,674,034 |
| Intangible assets, net | 54,021,548 | 56,355,185 |
| Long-term investments | 2,807,643 | 2,920,247 |
| Other assets | 110,170 | 114,589 |
| Total other assets | 75,854,771 | 79,064,055 |
| | | |
| Total assets | $ 182,615,556 | $ 193,640,490 |
| | | |
| **LIABILITIES AND EQUITY** | | |
| | | |
| **CURRENT LIABILITIES** | | |
| Current maturity of long term loans | $ 43,159,496 | $ 44,471,220 |
| Accounts payable, trade | 275,501 | 70,164 |
| Other payables and accrued liabilities | 5,735,039 | 4,503,689 |
| Other payables - related party | 506,464 | 736,596 |
| Acquisition payable | - | 4,747,250 |
| Customer deposits | 77,210 | 80,306 |
| Taxes payable | 977,399 | 907,472 |
| Current portion of warrants liability | - | 289,481 |
| Total current liabilities | 50,731,109 | 55,806,178 |
| | | |
| **LONG TERM LIABILITIES** | | |
| Warrants liability | 380,237 | 2,626,168 |
| Total long term liabilities | 380,237 | 2,626,168 |
| | | |
| Total liabilities | 51,111,346 | 58,432,346 |
| | | |
| COMMITMENTS AND CONTINGENCIES | | |
| | | |
| **EQUITY** | | |
| Common stock, $0.001 par value, 100,000,000 shares authorized, 23,960,217 shares issued and outstanding as of September 30 and June 30, 2015, respectively | 23,960 | 23,960 |
| Additional paid-in capital | 6,846,397 | 6,846,397 |
| Statutory reserves | 3,689,941 | 3,689,941 |
| Retained earnings | 110,539,595 | 108,831,633 |
| Accumulated other comprehensive income | 6,072,717 | 11,484,613 |
| Total Hongli Clean Energy Technologies Corp.'s equity | 127,172,610 | 130,876,544 |
| | | |
| NONCONTROLLING INTERESTS | 4,331,600 | 4,331,600 |
| | | |
| Total equity | 131,504,210 | 135,208,144 |
| | | |
| Total liabilities and equity | $ 182,615,556 | $ 193,640,490 |

19.    On February 16, 2016, the Company filed a Form 10- Q for the quarter ended

December 31, 2015 with the SEC (the "2015 Q2 10-Q"), which provided the Company's year-

end financial results and position. The 2015 Q2 10-Q was signed by Defendants J. Lv and S. Lv. The 2015 Q2 10-Q also contained signed SOX certifications by Defendants J. Lv and S. Lv attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

20.     The 2015 Q2 10-Q included the following consolidated balance sheets:

HONGLI CLEAN ENERGY TECHNOLOGIES CORP. AND SUBSIDIARIES

CONSOLIDATED BALANCE SHEETS

| | December 31, 2015 | June 30, 2015 |
|---|---|---|
| | (Unaudited) | |
| **ASSETS** | | |
| **CURRENT ASSETS** | | |
| Cash | $ 46,832 | $ 81,605 |
| Accounts receivable, net | 13,654,667 | 13,970,451 |
| Other receivables and deposits | 8,605 | 4,928,967 |
| Inventories | 1,772,932 | 3,191,605 |
| Advances to suppliers | 2,689,182 | 8,216,127 |
| Prepaid expenses | - | 16,670 |
| Total current assets | 18,172,218 | 30,405,425 |
| | | |
| PLANT AND EQUIPMENT, net | 21,076,180 | 18,750,242 |
| | | |
| CONSTRUCTION IN PROGRESS, net | 32,194,455 | 65,420,768 |
| | | |
| **OTHER ASSETS** | | |
| Prepayments | 18,513,600 | 19,674,034 |
| Intangible assets, net | 33,687,664 | 56,355,185 |
| Long-term investments | 2,748,002 | 2,920,247 |
| Other assets | 107,830 | 114,589 |
| Total other assets | 55,057,096 | 79,064,055 |
| | | |
| Total assets | $ 126,499,949 | $ 193,640,490 |
| | | |
| **LIABILITIES AND EQUITY** | | |
| | | |
| **CURRENT LIABILITIES** | | |
| Current maturity of long term loans | $ 40,016,826 | $ 44,471,220 |
| Accounts payable, trade | 390,564 | 70,164 |
| Other payables and accrued liabilities | 2,859,271 | 4,503,689 |
| Other payables - related party | 496,074 | 736,596 |
| Acquisition payable | - | 4,747,250 |
| Customer deposits | 75,570 | 80,306 |
| Taxes payable | 1,329,366 | 907,472 |
| Current portion of warrants liability | - | 289,481 |
| Total current liabilities | 45,167,671 | 55,806,178 |
| | | |
| **LONG TERM LIABILITIES** | | |
| Warrants liability | 111,094 | 2,626,168 |
| Total long term liabilities | 111,094 | 2,626,168 |
| | | |
| Total liabilities | 45,278,765 | 58,432,346 |
| | | |
| COMMITMENTS AND CONTINGENCIES | | |
| | | |
| **EQUITY** | | |
| Common stock, $0.001 par value, 100,000,000 shares authorized, 23,960,217 shares issued and outstanding as of December 31 and June 30, 2015, respectively | 23,960 | 23,960 |
| Additional paid-in capital | 6,846,397 | 6,846,397 |
| Statutory reserves | 3,689,941 | 3,689,941 |
| Retained earnings | 61,850,183 | 108,831,633 |
| Accumulated other comprehensive income | 4,479,103 | 11,484,613 |
| Total Hongli Clean Energy Technologies Corp.'s equity | 76,889,584 | 130,876,544 |
| | | |
| NONCONTROLLING INTERESTS | 4,331,600 | 4,331,600 |
| | | |
| Total equity | 81,221,184 | 135,208,144 |
| | | |
| Total liabilities and equity | $ 126,499,949 | $ 193,640,490 |

21.     On May 23, 2016, the Company filed a Form 10- Q for the quarter ended March 31, 2016 with the SEC (the "2015 Q3 10-Q"), which provided the Company's year-end financial results and position. The 2015 Q3 10-Q was signed by Defendants J. Lv and S. Lv. The 2015 Q3 10-Q also contained signed SOX certifications by Defendants J. Lv and S. Lv attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

22.     The 2015 Q3 10-Q included the following consolidated balance sheets:

HONGLI CLEAN ENERGY TECHNOLOGIES CORP. AND SUBSIDIARIES

CONSOLIDATED BALANCE SHEETS

| | March 31, 2016 | June 30, 2015 |
|---|---|---|
| | (Unaudited) | |
| **ASSETS** | | |
| **CURRENT ASSETS** | | |
| Cash | $ 67,522 | $ 81,605 |
| Accounts receivable, net | 3,532,687 | 13,970,451 |
| Other receivables and deposits | 6,440,435 | 4,928,967 |
| Inventories | 710,519 | 3,191,605 |
| Advances to suppliers | - | 8,216,127 |
| Prepaid expenses | - | 16,670 |
| Total current assets | 10,751,163 | 30,405,425 |
| | | |
| PLANT AND EQUIPMENT, net | 14,464,389 | 18,750,242 |
| | | |
| CONSTRUCTION IN PROGRESS, net | - | 65,420,768 |
| | | |
| **OTHER ASSETS** | | |
| Prepayments | - | 19,674,034 |
| Intangible assets, net | 1,603,655 | 56,355,185 |
| Long-term investments | 1,240,435 | 2,920,247 |
| Other assets | - | 114,589 |
| Total other assets | 2,844,090 | 79,064,055 |
| | | |
| Total assets | $ 28,059,642 | $ 193,640,490 |
| | | |
| **LIABILITIES AND EQUITY** | | |
| | | |
| **CURRENT LIABILITIES** | | |
| Current maturity of long term loans | $ 273,769 | $ 44,471,220 |
| Accounts payable, trade | 182,214 | 70,164 |
| Other payables and accrued liabilities | 698,751 | 4,503,689 |
| Other payables - related party | 576,075 | 736,596 |
| Acquisition payable | - | 4,747,250 |
| Customer deposits | - | 80,306 |
| Taxes payable | 360,746 | 907,472 |
| Current portion of warrants liability | - | 289,481 |
| Total current liabilities | 2,091,555 | 55,806,178 |
| | | |
| **LONG TERM LIABILITIES** | | |
| Long term loans | - | - |
| Warrants liability | 111,094 | 2,626,168 |
| Total long term liabilities | 111,094 | 2,626,168 |
| | | |
| Total liabilities | 2,202,649 | 58,432,346 |
| | | |
| COMMITMENTS AND CONTINGENCIES | | |
| | | |
| **EQUITY** | | |
| Common stock, $0.001 par value, 100,000,000 shares authorized, 23,960,217 shares issued and outstanding as of March 31, 2016 and June 30, 2015, respectively | 23,960 | 23,960 |
| Additional paid-in capital | 6,318,600 | 6,846,397 |
| Statutory reserves | 2,064,961 | 3,689,941 |
| Retained earnings | 12,557,470 | 108,831,633 |
| Accumulated other comprehensive income | 4,892,002 | 11,484,613 |
| Total Hongli Clean Energy Technologies Corp's equity | 25,856,993 | 130,876,544 |
| | | |
| NONCONTROLLING INTERESTS | - | 4,331,600 |
| | | |
| Total equity | 25,856,993 | 135,208,144 |
| | | |
| Total liabilities and equity | $ 28,059,642 | $ 193,640,490 |

23.    The statements referenced in ¶¶ 15-22 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company did not properly record the impairment of its assets; and (2) as a result, the Company's public statements were materially false and misleading at all relevant times.

**The Truth Emerges**

24.    On April 7, 2017, NASDAQ halted trading of the Company's securities.

25.    On April, 21, 2017, the Company filed a Form 8-K with the SEC disclosing that it dismissed its independent auditor, stating in part:

ITEM 4.01    CHANGES IN REGISTRANT'S CERTIFYING ACCOUNTANT.

(a)    ***Effective April 18, 2017, the registrant dismissed KSP GROUP, INC. ("KSP") as its independent auditors***.  This action was approved by the Audit Committee of the registrant's Board of Directors (the "Board"), and ratified by the Board. This decision was made by the registrant because it fears that KSP may be viewed as a successor to the firm Kabani & Kabani, whose registration was recently revoked by the PCAOB. KSP apparently does not hold itself out as a successor organization, and remains in good standing with the PCAOB, but the registrant decided to find a new auditor nonetheless.

***KSP has not issued an audit or other opinion on any of the financial statements of the registrant, and there have been (i) no disagreements between the registrant and KSP on any matters of accounting principles or practices, financial statement disclosure, or auditing scope or procedures, which disagreements, if not resolved to the satisfaction of KSP, would have caused KSP to make reference to the subject matter of the disagreement in its reports on the registrant's financial statements for such periods, and (ii) no adverse opinions, qualifications, disagreements or reportable events within the meaning set forth in Item 304(a)(1)(ii), (iv) or (v) of Regulation S-K.***

The registrant provided KSP with a copy of the disclosures contained herein and requested that KSP furnish it with a letter addressed to the Securities and

Exchange Commission stating whether or not KSP agrees with its statements in this Item 4.01. A copy of the letter, if any, furnished by KSP in response to such request, will be filed as Exhibit 16 to an amendment to this Form 8-K filed promptly after receipt thereof.

(b)      Effective April 19, 2017, the registrant engaged Wei Wei & Co., LLP, Certified Public Accountants ("Wei"), as its independent auditors to audit the registrant's financial statements for the year ended June 30, 2016 and to review the registrant's financial statements for the quarters ended September 30, 2016, December 31, 2016 and March 31, 2017. The decision to engage Wei was recommended by the Audit Committee of the registrant's Board of Directors.

During the registrant's two most recent fiscal years and through the date of the engagement of Wei, the registrant did not consult with Wei regarding either (1) the application of accounting principles to a specified transaction, either completed or proposed, or the type of audit opinion that might be rendered on the registrant's financial statements, or (2) any matter that was either the subject of a disagreement (as defined in Item 304(a)(1)(iv) of Regulation S-K) or a reportable event (as defined in Item 304(a)(1)(v) of Regulation S-K).

Prior to the engagement of Wei, Wei did not provide the registrant with any written or oral advice that Wei concluded was an important factor considered by the registrant in reaching any decision as to any accounting, auditing or financial reporting issue.

(Emphasis added).

26.      On April 26, 2017, the Company filed a Form 8-K with the SEC disclosing that

KSP had in fact had a disagreement with the Company, stating in part:

ITEM 4.01      CHANGES IN REGISTRANT'S CERTIFYING ACCOUNTANT.

(a)      Effective April 18, 2017, the registrant dismissed KSP GROUP, INC. ("KSP") as its independent auditors.  This action was approved by the Audit Committee of the registrant's Board of Directors (the "Board"), and ratified by the Board. KSP has not issued an audit report or other opinion on any of the financial statements of the registrant, so there was no adverse opinion, disclaimer, qualification or modification as described in Item 304(a)(1)(ii) of Regulation S-K.

*As noted above, KSP has advised the registrant that KSP believes a disagreement existed with the registrant at the time KSP was advised of its dismissal. Specifically, KSP believes that the registrant needed to obtain a valuation report from an independent valuation firm to assess whether certain assets reflected in the financial statements of the registrant were properly valued at the time of acquisition and net of impairment during subsequent*

*periods. KSP's position is based on its belief that the significant impairment and loss on disposal recorded during the period ended March 31, 2016 may have occurred prior to that period. KSP discussed the subject matter of this request with management of the registrant but did not discuss the issue with the audit or similar committee of the board of directors or with the board of directors itself.* The registrant has authorized the KSP to respond fully to the inquiries of the successor auditor concerning the subject matter of the disagreement.

The registrant provided KSP with a copy of the disclosures contained herein and requested that KSP furnish it with a letter addressed to the Securities and Exchange Commission stating whether or not KSP agrees with its statements in this Item 4.01. A copy of the letter furnished by KSP in response to such request, is filed as Exhibit 16 to this Form 8-K.

(Emphasis added).

27.    Attached it the Form 8-K was KSP's letter, which stated in part:

April 26, 2017

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549

The Company filed an 8K on April 21, 2017 which was not provided to us for our review before the filing. We disagree with the contents (Para 1) of the 8K filed on April 21, 2017. We have been provided with an amended 8K/A dated April 24, 2017, through which we came to know about our termination as the auditor. We have read the statements of the Company, included under Item 4.01 of its Form 8-K/A and agree with such statements concerning our firm contained in Item (a) on page 1 therein except the following. We have no basis to agree or disagree with other statements of the registrant contained therein.

The Company engaged us as the auditor on August 29, 2016, to audit the financial statements for the year ended June 30, 2016. Prior to our engagement as the auditor, the Company filed its 10K for the year ended June 30, 2015 on October 13, 2015. The 10K contained the financial statement audited by another auditor, reflecting the total assets of $193,640,490. Subsequently on May 23, 2016, the Company filed a 10Q for the period ended March 31, 2016. The financial statements included in the 10Q for the period ended March 31, 2016, reviewed by another auditor, showed the total assets of $28,059,642, thereby showing the total impairment of $44,892,912 and the total loss on disposal of assets amounting $61,347,381. *We did not agree with the Company that the entire loss (Impairment as well as loss on disposal) of $106,240,293 occurred in the nine-month period ended June 30, 2016. We believe that the impairment of these assets did not occur instantly in the period ended March 31, 2016, but occurred*

14

*prior to July 1, 2015.* Therefore, all the prior financial statements (audited as well as reviewed) and filed with the Securities and Exchange Commission, should be re-evaluated based upon actual valuation of the assets on each Balance Sheet date, and be restated to reflect the assets at the impaired amounts. We believe that the impairment expenses related to these assets should have been recorded in the respective periods when the impairments actually occurred. We had communicated this matter to the management of the company and had suggested to the management to engage an independent valuation firm to value the assets of the company in the prior periods, to evaluate the true value of impairment in each period. To the date of our termination, we had not received a final valuation report from an independent valuation Company. Therefore, we were unable to finish the audit.

KSP Group, Inc.

Los Angeles, CA

(Emphasis added).

28.     Given the suspension trading in the Company's securities, shares of the Company are illiquid and rendered worthless.

29.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

30.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the publically traded securities of Hongli during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

31.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, the Company's securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

32.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

33.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

34.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)     whether Defendants' acts as alleged violated the federal securities laws;

(b)     whether Defendants' statements to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;

(c)     whether Defendants' statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

(d)     whether the Individual Defendants caused the Company to issue false and misleading SEC filings and public statements during the Class Period;

(e)     whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;

(f)     whether the prices of the Company's securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

(g)     whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

35.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

36.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

(a)     Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

(b)     the omissions and misrepresentations were material;

(c)     the Company's securities are traded in efficient markets;

(d)     the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;

(e)     the Company traded on the NASDAQ, and was covered by multiple analysts;

(f)     the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; Plaintiff and members of the Class purchased and/or sold the Company's securities between the time the

17

Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts; and

(g)    Unexpected material news about the Company was rapidly reflected in and incorporated into the Company's stock price during the Class Period.

37.    Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

38.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

39.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

40.    This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

41.    During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

18

42.    The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they: employed devices, schemes and artifices to defraud; made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of the Company's securities during the Class Period.

43.    The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

44.    Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

45.     As a result of the foregoing, the market price of the Company's securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of the Company's securities during the Class Period in purchasing the Company's securities at prices that were artificially inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

46.     Had Plaintiff and the other members of the Class been aware that the market price of the Company's securities had been artificially and falsely inflated by the Company's and the Individual Defendants' misleading statements and by the material adverse information which the Company's and the Individual Defendants did not disclose, they would not have purchased the Company's securities at the artificially inflated prices that they did, or at all.

47.     As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

48.     By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of the Company's securities during the Class Period.

**COUNT II**

**Violation of Section 20(a) of The Exchange Act**
**Against The Individual Defendants**

49.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50.    During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's business practices.

51.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

52.    Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of the Company's securities.

53.    Each of the Individual Defendants, therefore, acted as a controlling person of the Company. By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific activities which

comprise the primary violations about which Plaintiff and the other members of the Class complain.

54.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.    Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: May 8, 2017                                        Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Counsel for Plaintiff