**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JARROD NASIN, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**HONGLI CLEAN ENERGY TECHS. CORP.,** *et al.*,<br><br>**Defendants.** | Civ. No. 2:17-3244 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court are two competing motions from Plaintiffs Glenn Ellis and Marcel Lecours Jr. (collectively, "Ellis Movants") and Yajun Zhai, William Dubois, Adrian Parker, Joe Traylor, and Anthony Sallustro (collectively, "Zhai Movants"), under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), requesting appointment as lead plaintiffs and approval of their selection of counsel.[1] 15 U.S.C. § 78u-4(a)(3)(B). This Court has jurisdiction under 28 U.S.C. § 1331 and Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act"). The matter was taken on submission without oral argument. FED. R. CIV. P. 78(b). For the reasons stated below, the Zhai Movants' motion is **GRANTED** and the Ellis Movants' motion is **DENIED**.

**I.    BACKGROUND**

This is a federal securities action on behalf of purchasers of Hongli Clean Energy Technologies Corporation ("Hongli") securities between the proposed class periods. The class seeks to recover damages and pursue remedies under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder against Hongli, a Florida corporation that is a vertically integrated coal and coke producer based in the People's Republic of China.

The facts relevant to the present motions are taken from two Complaints filed against Hongli and its chief executive and financial officers (jointly,

---

[1] The parties also moved for consolidating this case with *Glenn Ellis, et al. v. Hongli Clean Energy Techs. Corp., et al.*, Civ. No. 17-4762. On September 8th, the Court granted that motion, and the cases have been consolidated under the caption stated above. ECF No. 16. Apart from the consolidation matter, the Zhai Movants' motion for lead plaintiff and selection of counsel stems from the Complaint filed in this case, *Jarrod Nasin, et al. v. Hongli Clean Energy Techs. Corp., et al.*, Civ No. 17-3244.

1

"Defendants"). Civ. No. 17-3244, ECF No. 1 ("*Nasin* Complaint"); Civ. No. 17-4762, ECF No. 1 ("*Ellis* Complaint"). The Complaints, both filed in this District against the Defendants, make similar factual and legal allegations but differ on the class period. The *Ellis* Complaint contends to use an expanded class period—the furthest date allowed under the statute of limitations—while the *Nasin* Complaint argues its shorter class period is "far more realistic."

The Complaints allege, essentially, that Defendants issued materially false and misleading public statements as to Hongli's business and financial condition that deceived investors, artificially inflated the price of Hongli publicly traded securities, and caused Plaintiffs and other members of the public to purchase stock at artificially inflated prices. *Nasin* Compl. ¶¶ 15-22, 45-47. Specifically, in a disagreement that ended with Defendants dismissing its independent auditor, Defendants failed to disclose an improper recording of an impairment expense on its assets. *Id.* at 23. As a result, Hongli's public statements were materially false and misleading. *Id.* at ¶¶ 23, 25. With trading suspended on Hongli's shares, its securities are now illiquid and rendered worthless. *Id.* at ¶ 28.

## II.     MOTION FOR LEAD PLAINTIFF

The Court will first determine whether the Zhai or Ellis Movants should serve as lead plaintiff and then address the selection of lead counsel. Although the Court concludes the Ellis Movants are the presumptive lead plaintiff because they suffered the largest financial loss and made a *prima facie* showing of adequacy and typicality, the Zhai Movants have successfully rebutted the presumption by showing the Ellis Movants are subject to a unique defense and otherwise qualify as the most adequate plaintiff.

### A. The PSLRA

With the purpose of identifying a party who can vigorously prosecute the class members' interest, the PSLRA outlines how to select a lead plaintiff. *See, e.g.*, *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005). The procedure involves two steps in that "the court first identifies the presumptive lead plaintiff, and then determines whether any member of the putative class has rebutted the presumption." *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)-(II)).

The Court must adopt a presumption that the most adequate plaintiff "is the person or group or persons that . . . has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To do so, the Court must conclude whether the movant with the largest financial interest has made a *prima facie* showing of Rule 23's typicality and adequacy requirements. *In re Cendant Corp. Litig.*, 264 F.3d at 263. If contested, the Court must find whether a movant has rebutted the presumption. A movant may rebut the presumption with proof that the presumptively most adequate plaintiff "will not fairly and

adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Third Circuit has identified unique defenses to a class representative such as misaligned interests with the class "and the representative might devote time and effort to the defense at the expense of issues that are common and controlling for the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 297 (3d Cir. 2006) (citations omitted). "A proposed class representative is neither typical nor adequate if the representative is subject to a unique defense that is likely to become a major focus of the litigation." *Beck*, 457 F.3d at 301.

### B. Largest Financial Interest, Adequacy, Typicality, and the "Most Adequate Plaintiff" Rebuttable Presumption

Courts in this Circuit evaluate the following three factors to determine which movant has the largest financial interest: (1) the number of shares the movants purchased during the putative class period; (2) the total net funds the movants expended during the same period; and (3) the approximate loss the movants suffered. *In re Cendant Corp. Litig.*, 264 F.3d at 262 (citations omitted). In this Circuit, courts have attributed the third element as the most significant factor. *See In re Vonage Initial Pub. Offering (IPO) Sec. Litig.*, Civ. No. 17-177 (FLW), 2007 WL 2683636, at *4 (D.N.J. Sept. 7, 2007) (citing cases).

With its expanded class period, the Ellis Movants suffered losses of $677,606.40, with the largest individual movant having a loss of $465,144.71. Lifshitz Decl., Ex's E-F; ECF No. 7. Whereas the Zhai Movants, in its proposed class period, suffered total losses of $458,201.75, with the individual movant having the largest loss of $229,343.58. Rosen Decl., Ex. 3; ECF No. 10.

As to whether the movant has made a *prima facie* showing of typicality and adequacy, the "most adequate plaintiff" must (1) "have claims or defenses that are typical of the claims or defenses of the class," (the "typicality requirement") and (2) "be able to fairly and adequately protect the interests of the class (the "adequacy requirement"). *Id.*; FED R. CIV. P. 23(a). With typicality, the Court "should consider whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims [of that movant] are based differ" from the basis for other class members' claims." *In re Cendant Corp. Litig.*, 264 F.3d at 265 (internal quotation marks and citation omitted). As to adequacy, the Court should determine whether the movant "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *Id.* (citation omitted) (alteration in original).

Here, the Ellis and Zhai Movants' claims and injuries suffered are typical of those of the class members because the claims share substantially similar questions of law and fact. Like the class members, the injuries arise out of the

same events alleged in the Complaints. That is, because of Defendants' misstatements and omissions, plaintiffs purchased Hongli securities at allegedly inflated prices and suffered damages. Next, both Movant groups meet the adequacy requirement because they will prosecute the action, obtain adequate counsel, and there lacks a conflict of interest with the class members. *Id.* Although the Ellis Movants argue the competing Movants are unrelated and were "cobbled together" to gain control of the litigation which lessens their qualification for lead plaintiff status, the PSLRA provides no bar to preventing a group of unrelated persons from serving as lead plaintiff. *See In re Cendant Corp. Litig.*, 264 F.3d at 266. Thus, the Zhai and Ellis Movants' interests appear to align with the class members.

Although the Ellis Movants suffered the largest financial loss and made a *prima facie* showing of adequacy and typicality, the Zhai Movants have successfully rebutted the presumption by showing the Ellis Movants are subject to unique defenses. A movant must move the court to be appointed lead plaintiff of the purported class "not later than 60 days after the date on which the notice is published." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). In doing so, the PSLRA requires each movant to submit a sworn certification attesting to the required six declarations. *Id.* § 78u-4(a)(2)(A). Upon initially filing its lead plaintiff motion, the Ellis Movants provided unsworn PSLRA declarations that lacked the required "under penalty of perjury" language as federal law requires. Lifshitz Decl., Ex's E-F; *See* 28 U.S.C. § 1746. Only after having the benefit of the Zhai Movants' opposition papers, did the Ellis Movants file amended, compliant certifications. Lifshitz Decl.; ECF No. 13. But the Ellis Movants hit a snag. This amended filing took place 18 days after the 60-day lead plaintiff filing deadline.

The Ellis Movants gloss over the missing language in the PSLRA certifications as a technicality that was cured with its amended filing, but it still stands that such filing was late and "courts have rejected groups [for lead plaintiff] due to untimely filing of either the certification of alleged losses or the complaint." *See In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562, 570 (D.N.J. 2006) (citing cases). And unlike in instances where the PSLRA certifications' validity is "fairly debatable," *see Steamfitters Local 449 Pension Fund v. Cent. European Dist. Corp.*, Nos. 11-6247, 11-7085, 2012 WL 3638629, at *12 (D.N.J., Aug. 22, 2012) ("*Steamfitters*"), that is not the case here. Absent the required language in its initial certification and the amended certifications being filed after the 60-day deadline, the Ellis Movants' deficient certifications will subject it to a unique defense that renders them "incapable of adequately representing the class" and, as a result, they are not the presumptively most adequate lead plaintiff. 15 U.S.C. 78u-4(a)(3)(B)(iii)(II)(bb).

The Court concludes the Ellis Movants are the presumptive lead plaintiff because they suffered the largest financial loss and made a *prima facie* showing of adequacy and typicality, but the Zhai Movants have successfully rebutted the

4

presumption by showing the Ellis Movants are subject to a unique defense that could become a major focus of the litigation. The Court also finds the Zhai Movants are entitled to the PSLRA's rebuttable presumption and the Ellis Movants have failed to rebut it. The Zhai Movants' claims are typical of the class and, despite the Ellis Movants' arguments saying otherwise, such group of persons would adequately represent the class. Further, the competing movants identify no unique defense to the Zhai Movants that would render them inadequate to serve as lead plaintiffs. Given the Zhai Movants' selection of experienced counsel discussed below, they are the most adequate plaintiffs.

### III.    MOTION FOR SELECTION OF LEAD COUNSEL

The lead plaintiff, once appointed and subject to the court's approval, is entitled to select lead counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). Absent it being "necessary to protect the interests of the class," a court will leave undisturbed the lead plaintiff's choice of counsel. *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *In re Cendant Corp. Litig.*, 264 F.3d at 273. As to choice of counsel, the Zhai Movants submitted materials on The Rosen Law Firm which included attorney profiles and lists of cases dealing its relevant securities litigation experience. *See* Rosen Decl., Ex. 4. Based on the information provided, the Court finds the firm is capable of pursuing the litigation.

### IV.    CONCLUSION

For the foregoing reasons, the Zhai Movants' motion to appoint lead plaintiff and select lead counsel is **GRANTED**. The Ellis Movants' motion is thus **DENIED**. An appropriate order follows.

          */s/ William J. Martini*
          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 21, 2017**